45D05-2511-CT-001372

Filed: 11/19/2025 10:22 AM
Clerk
Lake County, Indiana

Lake Superior Court, Civil Division 5

USDC IN/ND case 2:25-cv-00555-AZ   document 5   filed 11/19/25   page 1 of 8

| STATE OF INDIANA | ) | IN THE LAKE _____ COURT |
| --- | --- | --- |
| COUNTY OF LAKE | )<br>) | SITTING AT _____, INDIANA |

| LYLLIEN NOONAN | ) | |
| --- | --- | --- |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO.: |
| | ) | |
| CPL. DIEGO ALVAREZ, and | ) | |
| TOWN OF SCHERERVILLE | ) | |
|     Defendants | ) | |

## COMPLAINT

COMES NOW, Plaintiff, Lyllien Noonan, by Counsel, Russell W. Brown, Jr. of The Region Lawyers, Inc. and for her Complaint for Damages against defendants Corporal Diego Alvarez and Town of Schererville states and alleges as follows:

### JURISDICTION AND PARTIES

1. On or about September 4, 2024, and at all relevant times thereafter, Ms. Noonan was a resident of Lake County, Indiana.

2. On or about September 4, 2024, and at all relevant times thereafter, Defendant Corporal Diego Alvarez was a sworn officer with the Town of Schererville Police Department.

3. On or about September 4, 2024, Defendant Town of Schererville was a governmental subdivision within Lake County, Indiana.

4. The incidents that give rise to this complaint occurred in Lake County Indiana, and therefore, this Court has preferred venue pursuant to Indiana Trial Rule 75(A).

EXHIBIT A

# FACTS

5. On or about September 4, 2024, Ms. Noonan was traveling on West 75th Avenue, Schererville, Indiana.

6. She was pulled over by Corporal Diego Alvarez who was working as a police officer with the Town of Schererville.

7. Corporal Alvarez investigated the traffic stop and issued three citations to Ms. Noonan.

8. Corporal Alvarez handed Ms. Noonan her driver's license and the citations.

9. Ms. Noonan then proceeded to leave.

10. Corporal Alvarez returned to his squad car and proceeded after Ms. Noonan, pulling her over again.

11. During his pursuit, Corporal Alvarez radioed to dispatch that Ms. Noonan had just ran over his foot.

12. Ms. Noonan pulled over to the side of the road and exited her vehicle.

13. Corporal Alvarez immediately grabbed her and slammed her onto the hood of his vehicle.

14. Corporal Alvarez then placed her in handcuffs with the handcuffs extremely tight.

15. Corporal Alvarez transported Ms. Noonan to the Lake County Jail.

16. Corporal Alvarez then prepared a probable cause affidavit and submitted charges to the Lake County Prosecutor's Office.

17. Under the pains and penalties for perjury, Corporal Alvarez stated that Ms. Noonan left prior to the conclusion of the traffic stop.

18. Additionally, Corporal Alvarez stated that the vehicle ran over his foot, but after watching dash camera footage, that rocks/debris had kicked up and struck his foot.

19. Both assertions were false and were proven to be false by the dash camera footage.

20. As a result of Corporal Alvarez's false statements, Ms. Noonan was charged with the following:

    Count I: Battery against a Public Safety Official, a Level 6 Felony

    Count II: Resisting Law Enforcement using a vehicle, a Level 6 Felony

    Count III: Disorderly Conduct – a Class B Misdemeanor

    Count IV: Improper passing, an infraction

    Count V: Failure to provide registration, an infraction

    Count VI: Operating with expired plates, an infraction

21. Upon reviewing the dash camera footage, the State of Indiana dismissed all criminal charges on September 5, 2025. Ms. Noonan admitted to Count IV: Improper Passing as an infraction.

22. On or about February 25, 2025, Ms. Noonan served a Notice of Tort Claim on Defendants regarding the incident that occurred on September 4, 2024.

23. Additionally, on or about September 25, 2025, Ms. Noonan served a subsequent Notice of Tort Claim on Defendants regarding the malicious prosecution once the criminal charges were dismissed.

## COUNT I: SECTION 1983 EXCESSIVE FORCE
### Against Corporal Diego Alvarez

24. Each paragraph of this Complaint is incorporated as if restated fully herein.

25. Corporal Diego Alvarez's actions were unreasonable based on the totality of the circumstances surrounding Plaintiff's injuries.

26. Corporal Diego Alvarez's actions were without justification or provocation.

27. Plaintiff did not resist or otherwise try to escape, which could give Defendant justification for slamming her onto the hood of his squad car and placing the handcuffs so tight that it hurt her wrists.

28. Corporal Diego Alvarez's actions, as described above, were under the color of state law.

29. This Complaint against the individual defendants are for damages arising out of the violation of civil rights pertaining to Plaintiff which are in direct violation of Indiana common law and the Indiana and United States Constitutions.

## COUNT II: SECTION 1983 ILLEGAL SEIZURE
### Against Corporal Diego Alvarez

30. Each paragraph of this Complaint is incorporated as if restated fully herein.

31. Corporal Diego Alvarez seized, detained and arrested Ms. Noonan without probable cause.

32. Corporal Diego Alvarez seized, detained and arrested Ms. Noonan because he did not like that Ms. Noonan left after the traffic stop ended.

33. Corporal Diego Alvarez's actions were under the color of state law.

34. This Complaint against Corporal Diego Alvarez is for damages arising out of the violation of civil rights pertaining to Plaintiff, which are in direct violation of Indiana common law and the Indiana and United States Constitutions.

35. Ms. Noonan had a clearly established right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

36. Corporal Diego Alvarez subjected Ms. Noonan to an unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

### COUNT III: SECTION 1983 MALICIOUS PROSECUTION
### Against Corporal Diego Alvarez

37. Each paragraph of this Complaint is incorporated as if restated fully herein.

38. Corporal Diego Alvarez instituted or caused to be instituted an action against Ms. Noonan by presenting a charging information and probable cause affidavit to the Lake County Prosecuting Attorney's Office.

39. Corporal Diego Alvarez acted maliciously while doing so.

40. Corporal Diego Alvarez lacked probable cause to arrest and initiate charges against Ms. Noonan.

41. Corporal Diego Alvarez lied in the probable cause affidavit.

42. The action was terminated in Ms. Noonan's favor when the charges were dismissed by the Lake County Prosecutor's Office.

43. Corporal Diego Alvarez subjected Ms. Noonan to a malicious prosecution under the Fourth Amendment to the United States Constitution.

### COUNT IV: STATE LAW BATTERY
### Against Corporal Diego Alvarez

44. Each paragraph of this Complaint is incorporated as if restated fully herein.

45. On or about September 4, 2024, Defendant knowingly or intentionally touched Ms. Noonan against her will in a rude, insolent or angry manner.

46. Defendant acted with malice, gross negligence or oppressiveness.

47. Defendant's actions were not the result of mistake of fact or law, honest error or judgment, overzealousness or mere negligence.

48. Defendant lacked any legal justification of his actions.

49. Ms. Noonan suffered physical and emotional injuries as a result of Defendant's actions.

50. Corporal Diego Alvarez was acting within the scope of his employment as an Officer of the Town of Schererville Police Department.

### COUNT V: STATE LAW
### Intentional Infliction of Emotional Distress
### Against Corporal Diego Alvarez

51. Each paragraph of this Complaint is incorporated as if restated fully herein.

52. Defendant's actions of slamming Ms. Noonan onto the hood of his vehicle, placing handcuffs on her so tight causing extreme pain and lying on a probable cause affidavit to bring charges against Ms. Noonan was extreme and outrageous conduct.

53. By this conduct, Defendant intentionally or recklessly caused severe emotional distress to Ms. Noonan.

54. Defendant acted with malice, gross negligence or oppressiveness.

55. Defendant's actions were not the result of mistake of fact or law, honest error or judgment, overzealousness, or mere negligence.

56. Ms. Noonan suffered severe emotional distress due to Defendant's unlawful actions.

57. Corporal Diego Alvarez was acting within the scope of his employment as an Officer of the Town of Schererville Police Department.

### COUNT VI: STATE LAW MALICIOUS PROSECUTION
### Against Corporal Diego Alvarez

58. Each paragraph of this Complaint is incorporated as if restated fully herein.

59. Corporal Diego Alvarez instituted or caused to be instituted an action against Ms. Noonan by presenting a charging information and probable cause affidavit to the Lake County Prosecuting Attorney's Office.

60. Corporal Diego Alvarez acted maliciously while doing so.

61. Corporal Diego Alvarez lacked probable cause to arrest and initiate charges against Ms. Noonan.

62. Corporal Diego Alvarez lied in the probable cause affidavit.

63. The action was terminated in Ms. Noonan's favor when the charges were dismissed by the Lake County Prosecutor's Office.

### COUNT VI – Respondeat Superior State Law Claims Against Defendants Town of Schererville Police Department

64. Each paragraph of this Complaint is incorporated as if restated fully herein.

65. That at all relevant times, Corporal Diego Alvarez was engaging in duties within the scope of his employment with Defendant Town of Schererville Police Department when Plaintiff suffered her injuries.

66. The Defendant Town of Schererville should be liable for Plaintiff's damages related to the state law claims laid out above under the doctrine of respondeat superior.

### PRAYER FOR DAMAGES

WHEREFORE, having asserted various causes of action and alleging facts in support thereof, the Plaintiff, Lyllien Noonan, prays for judgment and damages against the Defendants as previously stated and as follows:

    a.    awarding the Plaintiff general and/or compensatory damages, including without limitation damages for his pain and suffering, mental anguish, embarrassment, humiliation, and/or general emotional distress, in amounts to be determined at trial;

    b.    awarding the Plaintiff punitive damages for the Defendants' willful and/or malicious violation of their civil rights or its reckless indifference to their civil rights;

    c.    awarding the Plaintiff his costs and attorney's fees;

    d.    for all other legal and/or equitable relief this Court deems just and proper in the premises.

Dated this 18th day of November, 2025.

Respectfully submitted,

The Region Lawyers, Inc.
2080 N. Main St. Ste 1
Crown Point, IN 46307
219/750-9380 - Fax 219/750-9397
Attorneys for Plaintiff


By:/s/ Russell W. Brown, Jr. _____
    Russell W. Brown, Jr. #29628-64


## REQUEST FOR JURY TRIAL

The Plaintiff, Lyllien Noonan, respectfully requests that this cause be tried by jury.

Respectfully submitted,

The Region Lawyers, Inc.
2080 N. Main St. Ste 1
Crown Point, IN 46307
219/750-9380 - Fax 219/750-9397
Attorneys for Plaintiff


By:/s/ Russell W. Brown, Jr. _____
    Russell W. Brown, Jr. #29628-64